UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

JOSEPH DELUCIA,

          Plaintiff,

      - against-

DEUTSCHE BANK TRUST COMPANY,
MCCABE WEISBERG & CONWAY, LLC,
and MELISSA A. SPOSATO, ESQ.,

          Defendants.
-----------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
23-CV-09211 (OEM) (LB)

ORELIA E. MERCHANT, United States District Judge:

    Plaintiff Joseph Delucia ("Plaintiff"), proceeding pro se, brings this action against Deutsche Bank Trust Company (the "Bank"), McCabe Weisberg & Conway, LLC (the "MWC LLC"), and Melissa A. Sposato, Esq. ("Sposato"), (collectively "Defendants"). *See generally* Complaint, ("Compl."), ECF 1-1. Before the Court are Defendants' motions to dismiss. Bank's Motion to Dismiss for Failure to State a Claim ("Bank Motion"), ECF 19; MWC LLC's Motion to Dismiss for Failure to State a Claim, ("MWC LLC's Motion"), ECF 22-6. Plaintiff has not opposed Defendants' motions. For the reasons set forth below, the Court GRANTS Defendants' motions to dismiss.

## BACKGROUND

    On November 13, 2023, Plaintiff filed the instant action in the Supreme Court of the State of New York, County of Queens, arising from an alleged "wrongful foreclosure" on real property located at 162-19 83rd Street Howard Beach, New York, 11414 ("the Property"). *See* Compl. at

1

4. Defendant subsequently removed the action based on federal question jurisdiction. *See* Notice of Removal, ECF 1 ¶ 4.

Plaintiff alleges that Defendants (1) violated 18 U.S.C. § 1964 (which he denominates the "Civil Rico Federal Racketeering laws"); (2) violated 18 U.S.C. § 1341 ("Frauds and Swindles"); (3) violated 18 U.S.C. § 1343 ("Fraud by wire, radio, or television"); (4) violated 18 U.S.C. § 1961 ("Definitions"); (5) violated 18 U.S.C. § 1962 ("Prohibited activities"); (6) foreclosed on the Property without a legal basis; (7) breached a contract with Plaintiff; (8) slandered title to the Property; (9) slandered Plaintiff's credit; and (10) intentionally inflicted emotional distress by carrying out their foreclosure efforts. *See id.* ¶ 2; *see also* Compl. Plaintiff is seeking $250,000,000 in punitive and compensatory damages and an award of "attorneys' assets[.]" Notice of Removal ¶ 3. "Plaintiff also asks the Court to order the attorneys to discharge the alleged debt or in the alternative, [for] the Court [to] discharge the debt. Additionally, Plaintiff requests [that] the Court void the foreclosure judgment and sale. Lastly, [Plaintiff] requests all defendants contact all credit reporting agencies and correct any false information previously provided." *Id.*

The Bank asserts that on June 27, 2007, Plaintiff's mother, Barbara Delucia (the "Borrower"), obtained a loan from Homecomings Financial Network Inc. ("Lender") for $523,000, which was secured by a mortgage on the Property. *See* Memorandum of Law in Support of the Bank's Motion to Dismiss ("the Bank Memo"), ECF 19-1 at 3; *see also* Compl. at 4. According to the Bank, that mortgage was subsequently assigned to the Bank. *See* Bank Memo at 3. The Bank further asserts that Borrower defaulted on the loan from Lender, at which point the Bank "commenced foreclosure proceedings in the Supreme Court of Queens County under index number 709009/2014[.]" Bank Memo at 8. The Bank contends that Plaintiff has never been the owner of the Property nor was he a party to the mortgage on the Property. *Id.* at 10.

On April 22, 2024, the Bank, MWC LLC, and Sposato filed the instant motions to dismiss. *See* Bank Motion; *see also* MWC LLC's Motion.  First, Defendants assert that the foreclosure on the Property did not cause Plaintiff to suffer an injury in fact, therefore Plaintiff lacks standing and his claims should be dismissed under Federal Rule of Civil Procedure 12(b)(1). *See* Bank Mot. to Dismiss, at 2; *see also* MWC LLC's Motion at 3.  Second, Defendants argue that the complaint should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff's claims alleging RICO violations, unlawful foreclosure, breach of contract, and slander of title fail to meet the pleading standard. *See* Bank Memo at 9.  Finally, Defendants contend that Plaintiff's claims are barred by operation of *res judicata* because the claims could have been raised in the foreclosure action. *See id.* at 16; *see also* MWC LLC's Motion at 6.  Defendants also state that Plaintiff's claims are barred under the Rooker-Feldman doctrine. *See* Bank Memo at 16; *see also* MWC LLC's Motion at 5.

## LEGAL STANDARD

To withstand a Rule 12(b)(1) motion to dismiss, the party asserting jurisdiction "has the burden of proving by a preponderance of the evidence that [subject matter jurisdiction] exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  On such a motion, "the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014).  However, "[w]here jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." *Id.* (alteration in original).

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the facts alleged allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id.* While the Court "must accept as true all of the allegations contained in a complaint," this "tenet . . . is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In considering this motion, the Court "must limit itself to the facts stated in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999).

While the above standards apply to pro se plaintiffs, such as Delucia, they are construed less rigidly when plaintiffs proceed pro se. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotes and citations omitted). When considering a motion to dismiss a pro se complaint, the Court must construe the complaint liberally and interpret the complaint "to raise the strongest arguments [it] suggest[s]." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). In cases where a pro se party has filed a complaint, the Court must interpret the pleading to raise the strongest claim suggested by the allegations. *See Rosen v. N. Shore Towers Apartments, Inc.*, 11-CV-00752 (RRM) (LB), 2011 WL 2550733, at *3 (E.D.N.Y. June 27, 2011). "However, mere conclusions of law or unwarranted deductions need not be accepted." *Id.* (internal quotation marks omitted.) Notably, "'threadbare recitals of the elements of a cause of

4

action, supported by mere conclusory statements, do not suffice,' and district courts 'cannot invent factual allegations' that the plaintiff has not pleaded." *Vidurek v. Pollen*, 20-CV-6714 (CS), 2021 WL 4066503, at *7 (S.D.N.Y. Sep. 7, 2021) (citing *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)). That is, a pro se plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 570; *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

## DISCUSSION

Defendants contend that Plaintiff's claims should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). Plaintiff has not filed an opposition to either motion to dismiss, and Plaintiff has had no communication with the Court since January 17, 2024. Although Plaintiff appears to have chosen not to oppose Defendants' motion, the Court considers whether the complaint states a valid claim.

> Even though Plaintiff has failed to file opposition papers in response to Defendant's motion to dismiss, the Court may not dismiss the complaint "solely on the ground that [Plaintiff] did not respond to the motion." *McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000); *see also Rush v. Canfield*, 649 F. App'x 70, 71 (2d Cir. 2016) (holding that the district court "erred" in dismissing some of plaintiff's claims solely because plaintiff "fail[ed] to respond to defendants' argument that those claims should be dismissed"). Instead, the Court must "determin[e] based on its own reading of the pleading and knowledge of the law" whether the complaint states a valid claim. *McCall,* 232 F.3d at 322-23.

*Goldstein v. Cap. One Bank USA*, 22-CV-03719 (HG), 2022 WL 17177790, at *2 (E.D.N.Y. Nov. 23, 2022). While a court will liberally construe a pro se plaintiff's allegations, interpreting them to raise the strongest arguments they reasonably suggest, a court will not excuse a party's noncompliance with the rules of procedural and substantive law because they proceed pro se. *See Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983). For the reasons discussed below, Plaintiff's claims are dismissed.

5

The Court addresses standing at the outset of its analysis "[b]ecause standing is a 'threshold matter' in determining whether the district court [has] jurisdiction to hear and decide this case[.]" *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 80 (2d Cir. 2018) (quoting *Anderson Grp., LLC v. City of Saratoga Springs*, 805 F.3d 34, 44 (2d Cir. 2015)). To establish standing, a plaintiff must show that they "have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (internal citations omitted). At the pleading stage, the plaintiff "bears the burden of alleging facts that affirmatively and plausibly suggest that [he] has standing to sue." *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 75 (2d Cir. 2022). If a plaintiff lacks standing, an Article III court is without subject matter jurisdiction to hear the case and the case must be dismissed. *See* FED. R. CIV. P. 12(H)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). *Hibbert v. Capital One Auto Fin.*, 23-CV-07538 (OEM) (TAM), 2024 U.S. Dist. LEXIS 129101, *4 (E.D.N.Y. July 22, 2024).

To satisfy the first prong of the standing analysis, injury in fact, the plaintiff must suffer a "concrete and particularized" harm that is "actual or imminent, not conjectural or hypothetical" to their "legally protected interest." *Plante v. Dake*, 621 Fed. App'x. 67, 69 (2d Cir. 2015). An injury is particularized when it "affect[s] the plaintiff in a personal and individual way." *W. R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100 (2d Cir. 2008). An injury is concrete when it "'has a close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts.'" *Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*, 19 F.4th 58, 63 (2d Cir. 2021) (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 417 (2021) (internal citations and quotation marks omitted)). "If the plaintiff does not claim to have suffered an injury that the

6

defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve." *See TransUnion LLC*, 594 U.S. at 423 (quoting *Casillas v. Madison Avenue Assocs., Inc.*, 926 F.3d 329, 333 (7th Cir. 2019) (internal quotations omitted).

Here, the Bank argues that Plaintiff lacks standing and assert that there is no causal connection because Plaintiff "has no cognizable interest in the Property." Bank Memo, at 10. The Bank also argues that "Plaintiff's alleged injury will not be redressed by a favorable court decision because of his lack of interest in the Property." *Id.*

Although Plaintiff neither attaches nor incorporates by reference the mortgage in his complaint, the Court considers the mortgage, Exhibit A-Note and Mortgage 6.27.2007 ("Mortgage"), ECF 19-6, because it is "integral" to Plaintiff's claims. To consider the mortgage, the Court need not convert the motion into a motion for summary judgment: "'when a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint,' the court may nevertheless take the document into consideration in deciding the defendant's motion to dismiss, without converting the proceeding to one for summary judgment." *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995). When "considering a motion to dismiss…, a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). Moreover, "in some cases, a document not expressly incorporated by reference in the complaint is nevertheless 'integral' to the complaint and, accordingly, [is] a fair object of consideration on a motion to dismiss." *Norales v. Acevedo*, 21-549, 2022 WL 17958450, at *1 (2d Cir. Dec. 27, 2022). A document is "integral" if "the complaint 'relies heavily upon its terms and effect[.]'" *DiFolco*, 622 F.3d at 111 (quoting *Mangiafico v. Blumenthal*, 471

7

F.3d 391, 398 (2d Cir. 2006)). A plaintiff usually relies on the terms and effects of a document when drafting a complaint if the document "is a 'contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls, but which for some reason—usually because the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim—was not attached to the complaint.'" *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 231 (2d Cir. 2016).

Here, although the complaint does not refer to the mortgage explicitly, the complaint often refers to and relies on a "wrongful foreclosure" claim. "Foreclosure" is "A legal proceeding to terminate a mortgagor's interest in property, instituted by the lender (the mortgagee) either to gain title or to force a sale in order to satisfy the unpaid debt secured by the property." Foreclosure Definition, *Black's Law Dictionary* (12th ed. 2024). In other words, foreclosure is a process that is intertwined with and relies on a mortgage because foreclosure applies to a "mortgaged property upon the mortgagor's default." *Id.* Therefore, Plaintiff's references to "wrongful foreclosure" are necessarily also references to the mortgage on the Property.

In any event, even if the mortgage was not integral to the complaint, the Court could still consider it because the mortgage is a document that is part of the public record. "Courts may [] properly consider '[p]ublic records' not appended to a complaint when resolving a motion to dismiss." *Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004); *see also Dubois v. Beaury*, 21-2096-CV, 2022 WL 1701497, at *3 fn. 1 (2d Cir. May 27, 2022) ("[S]uch documents could be considered under Rule 12(b)(6) on the separate ground that they are public records."). The mortgage is publicly-accessible through the website for the Office of the City Register of the City of New York, and thus is part of the public record.

Having examined the publicly-available mortgage, the Court agrees: Plaintiff lacks standing. Plaintiff was not party to the mortgage on the Property and never owned an interest in the Property, therefore, he did not suffer an injury in fact when the Bank initiated foreclosure proceedings. *See generally* Mortgage.

Even on the most liberal reading of the complaint, Plaintiff fails to plead facts that would establish standing. Where a plaintiff "is not the mortgagor or borrower on the note," they have "no standing to challenge the validity of the mortgage assignment or any aspect of the Foreclosure Action." *Newman v. Wells Fargo Bank, N.A.*, 18-CV-2175 (KAM) (SMG), 2019 WL 5694334, at *7 n. 5 (E.D.N.Y. July 10, 2019). Plaintiff, as a non-owner of the property, cannot allege that he suffered an injury in fact because he "did not have an interest in the property" to be deprived of. *See Bora v. Thompson*, 18-CV-1811 (NGG) (RML), 2021 WL 3518257, at *2 (E.D.N.Y. Jan. 25, 2021), report and recommendation adopted as modified, 18-CV-1811 (NGG) (RML), 2021 WL 3145627 (E.D.N.Y. July 26, 2021) ("Thompson cannot allege that she has suffered an injury in fact, as she was not the owner of the Subject Property at the time of the sale. Since she did not have an interest in the property, she could not have been deprived of one . . . regardless of who owned the note and mortgage or whether the assignments were valid, Thompson lacks standing to challenge the foreclosure sale."). Plaintiff's mother and Borrower, Barbara Delucia—not Plaintiff—held the mortgage to the Property. *See generally* Mortgage. Barbara Delucia's signature and initials are the only signature and initials to appear throughout the mortgage and note, and as the mortgage indicates, there are no co-signees. *Id.* A legally cognizable right to sue over the foreclosure proceedings, if any, would accrue to Barbara Delucia, not Plaintiff.

Plaintiff's allegations do not satisfy the first prong of the standing analysis, thus the Court need not address the remaining two prongs of the standing analysis. *See Epstein v. JPMorgan*

*Chase & Co.*, 13-CV-4744 (KPF), 2014 WL 1133567, at *7 (S.D.N.Y. Mar. 21, 2014) ("Because Plaintiff cannot satisfy the first element of Article III standing, the Court need not assess the remaining two requirements."). Moreover, where "the plaintiff's standing does not adequately appear from all materials of record, the complaint must be dismissed." *Warth v. Seldin*, 422 U.S. 490, 501-02, (1975); *see also Steinmetz v. Allied Interstate, LLC*, 21-CV-5059 (AMD) (RER), 2022 U.S. Dist. LEXIS 124042, at *10 (E.D.N.Y. July 12, 2022) ("Accordingly, because the plaintiff . . . does not have Article III standing, the Court lacks subject matter jurisdiction over this matter, and the claims must be dismissed.").

## CONCLUSION

For the aforementioned reasons, Defendants' motions to dismiss are GRANTED and the case is dismissed. The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

/s/
ORELIA E. MERCHANT
United States District Judge

Dated: November 13, 2024
      Brooklyn, New York